UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DENNIS NELSON, | ) | CASE NO. 4:08 CV 308 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MR. JORDON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 7, 2008, pro se plaintiff Dennis Nelson filed this action against United States Marshal Mr. Jordon. In the complaint, plaintiff alleges that he received inadequate medical treatment at the Northeast Ohio Correctional Center ("NEOCC"). He seeks $13,500.00 in damages.

**Background**

Mr. Nelson's pleading is very brief. He states that he has been the victim of medical malpractice. He indicates his lower left leg is swollen and discolored with gangrene. He indicates that he is in tremendous pain but the hospital at which he sought treatment did not alleviate his condition. He claims he suffers from a serious medical need and offers to send a photograph upon request. He concludes by stating that "[i]t happened in [sic] March 23, 2006 well [sic] I was there being held for sentencing court by the US Marshals." (Compl. at 5.)

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate this defendant to any of the claims set forth by plaintiff. There are no allegations in the complaint which directly state or reasonably imply that Mr. Jordan, who plaintiff identifies as a United States Deputy Marshal, is in any way responsible for making decisions concerning Mr. Nelson's medical care. Absent this basic pleading requirement, the complaint fails to state a claim upon which relief may be granted.

## Conclusion

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 5/7/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE